UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES WHITE, | ) | Case No.: 1:10 CV 23 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| KEITH SMITH[1], Warden, | ) | |
| | ) | |
| Respondent | ) | ORDER |

On January 6, 2010, Petitioner Charles White ("Petitioner"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"), challenging the constitutionality of his conviction for four counts of aggravated robbery and one count of having a weapon while under disability. (Pet., ECF No. 1.) Petitioner raised four grounds of relief in his Petition: (1) Petitioner was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments when his counsel failed to offer expert testimony on eyewitness identification; (2) Petitioner received ineffective assistance of trial counsel when his trial counsel failed to investigate, interview, and call eyewitnesses; (3) the State failed to disclose exculpatory information in violation of the Fourteenth Amendment; and (4) Petitioner was deprived of his liberty without due process when he was sentenced under a judicially-altered, retroactively applied, and substantially disadvantageous statutory framework. (Pet. at 6–11, ECF No. 1.)

---

[1] The court notes that Keith Smith is no longer the warden of the institution in which Charles White is incarcerated. Terry Tibbals ("Tibbals") is the warden of the institution, and thus, Tibbals is the proper respondent.

This case was referred to Magistrate Judge George J. Limbert for preparation of a report and recommendation. The Magistrate Judge issued his Report and Recommendation ("R&R") on November 16, 2011, recommending that the Petition be dismissed in its entirety with prejudice. (ECF No. 9.) Specifically, the Magistrate Judge concluded that: (1) ground one should be dismissed because trial counsel's failure to call certain witness did not render his assistance ineffective because such failure did not deprive Petitioner of a substantial defense; (2) ground two should be dismissed because even if trial counsel was deficient in failing to interview certain eyewitnesses, there is not a reasonable probability that, but for this error, the result of the proceeding would have been different; (3) ground three should be dismissed because the exculpatory information, that certain eyewitnesses failed to identify Petitioner, was available to Petitioner and offered at trial and because the State was unaware that there were additional witnesses who could provide exculpatory evidence for Petitioner; and (4) ground four should be dismissed because Petitioner had adequate notice of the potential sentence. (R & R at 13–27.)

Petitioner filed an Objection to the R&R ("Objection") on December 29, 2011. (Objection, ECF No. 11.) Petitioner argues that (1) the Magistrate Judge incorrectly applied the AEDPA standard of review, as grounds one and two should be reviewed *de novo* since they were not adjudicated on the merits by the state court; (2) the Magistrate Judge erred by considering ground one and ground two separately; (3) the Magistrate Judge failed to properly evaluate evidence and made improper credibility determinations. (Objection at 6–14.) Petitioner also represented that he is no longer pursuing his third and fourth claims for relief. (Objection at 3 n.1.)

Petitioner's objections merely highlight the arguments he made in the brief in support of his Petition. The court finds none of these arguments to be persuasive. Under the Antiterrorism and

-2-

Effective Death Penalty Act of 1996 ("AEDPA"), a federal court reviewing the merits of a state prisoner's habeas corpus petition cannot grant the petition unless the state court's adjudication of the claim on the merits "resulted in a decision that:" (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 404–05 (2000). "The petitioner carries the burden of proof." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011). This standard is highly deferential.

In addition, Petitioner must also overcome the high burden of establishing ineffective assistance of counsel. Under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a petitioner must show both: (1) that his counsel's errors were so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment; and (2) that his counsel's deficient performance prejudiced the defense. A showing of "prejudice," as defined in *Strickland*, requires Petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. To show counsel's performance was deficient, a defendant "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88. An error by counsel, "even if professionally unreasonable," will "not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

As stated by the Supreme Court, when a § 2254 petition alleges ineffective assistance of counsel, a petitioner must overcome two highly deferential standards. *Harrington v. Richter*, 131 S.Ct. 770, 778 (2011). This burden is difficult to overcome, as "the question is not whether counsel's

actions were reasonable," but "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

As to ground one, evidence at trial included two eyewitnesses who identified Petitioner as the assailant and were cross-examined by Petitioner's counsel. There were also three additional eyewitnesses that testified at trial who did not identify Petitioner as the assailant. Since there were testifying eyewitnesses who identified Petitioner, testifying eyewitness who did not identify Petitioner, and rigorous cross-examination of the witnesses that identified Petitioner by trial counsel, the court cannot find that Petitioner's trial counsel's failure to call an expert to testify regarding the reliability of eyewitness testimony was unreasonable or would have changed the result of the trial. The Magistrate Judge correctly determined that Petitioner did not establish ineffective assistance of counsel as to this ground.

As to ground two, there is no evidence in the record detailing the extent of Petitioner's trial counsel's pretrial investigation. There were approximately thirty people present when the robbery took place. Two eyewitnesses presented affidavits in this habeas action asserting that Petitioner was not the assailant. One witness, Tammy Chappell ("Chappell"), testified at trial, and the other witness, Alischa Hickman ("Hickman"), did not. Each woman was listed as a victim in the police report, along with eleven others. In their affidavits, both asserted that they were not contacted by Petitioner's trial counsel. Despite this evidence, the lack of information regarding trial counsel's pretrial investigation precludes the court from finding that trial counsel's actions were constitutionally deficient or unreasonable. However, even if the court assumed that trial counsel's actions were unreasonable, there is insufficient evidence to establish that trial counsel's performance prejudiced Petitioner. Chappell was a witness at trial, and during her testimony, she failed to declare

that Petitioner was not the assailant. Hickman, while asserting that she knew Petitioner from her childhood neighborhood, did not discuss the last time she saw him and stated that she had moved from the neighborhood before the robbery took place. It was reasonable for the state court to determine that Hickman's assertions were insufficient to, as stated by the Magistrate Judge, "undermine the confidence in the outcome of the trial," thus, failing to demonstrate prejudice. The Magistrate Judge correctly determined that Petitioner did not establish ineffective assistance of counsel as to this ground. While not explicitly stated in the R&R, the court finds that the state court's decisions relevant to these grounds were not contrary to or an unreasonable application of clearly established law.

Although Petitioner now indicates that he is not pursuing grounds three and four, the court nonetheless finds that the Magistrate Judge's conclusions as to grounds three and four are fully supported by the record and controlling case law. Furthermore, the court finds that, after *de novo* review of the R&R and all other relevant documents, the Magistrate Judge's conclusions, as to all grounds, are fully supported by the record and controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's R&R. (ECF No. 9.)

Consequently, the Petition is hereby denied on all grounds and final judgment is entered in favor of Respondent Keith Smith. The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

December 19, 2012